

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

D-1 LOUISA THOMPSON,
D-2 CHECAROL ROBINSON,

Case:2:12-cr-20267
Judge: Edmunds, Nancy G.
MJ: Majzoub, Mona K.
Filed: 04-25-2012 At 04:46 PM
INDI USA V SEALED MATTER (EB)

VIO: 18 U.S.C.§1349
18 U.S.C.§1347
18 U.S.C.§2
18 U.S.C.§982

Defendants.
_____/

## INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

1. The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United State Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3. The Medicare Program included coverage under two primary components, hospital insurance (Part A) and medical insurance (Part B). Part B of the Medicare Program covered the costs of physicians' services and other ancillary services (including testing) not

covered by Part A. The claims at issue in this indictment were submitted under Part B of the Medicare Program.

4. Wisconsin Physicians Service was the CMS contracted carrier for Medicare Part B in the state of Michigan. TrustSolutions, LLC was the Program Safeguard Contractor for Medicare Part B in the state of Michigan.

5. By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social Security Act, the regulations promulgated under the Act, and applicable policies and procedures, rules, and regulations, issued by CMS and its authorized agents and contractors.

6. Upon certification, the medical provider, whether a clinic or an individual, was assigned a provider identification number for billing purposes (referred to as a PIN). When the medical provider rendered a service, the provider would submit a claim for reimbursement to the Medicare contractor/carrier that includes the PIN assigned to that medical provider. When an individual medical provider was associated with a clinic, Medicare Part B required that the individual provider number associated with the clinic be placed on the claim submitted to the Medicare contractor.

7. Health care providers were given and provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services that they rendered and providers were required to maintain patient records to verify that the services were provided as described on the claim.

8.  To receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (e.g., a CMS-1500 form or UB-92), containing the required information appropriately identifying the provider, beneficiary, and services rendered, among other things.

9.  TGW Medical, Inc. (TGW) was a Michigan corporation that purported to do business at 8537 Van Dyke, Detroit, MI. TGW was incorporated on or about March 27, 2003. TGW purported to provide psychotherapy services.

10. Caldwell Thompson Manor, Inc. (Caldwell Thompson) was a Michigan corporation that purported to do business at 99 Chandler Street, Detroit, MI. Caldwell Thompson was incorporated on or about April 6, 1999. Caldwell Thompson purported, among other things, to provide psychotherapy services.

11. P&C Adult Day Center, LLC (P&C) was a Michigan corporation that purported to do business at 8537 Van Dyke, Detroit, MI. TGW was incorporated on or about May 26, 2010. P&C purported to provide psychotherapy services.

12. Defendant LOUISA THOMPSON, a resident of Wayne County, Michigan, owned, operated and directed TGW and Caldwell Thompson's operations.

13. Defendant CHECAROL ROBINSON, a resident of Wayne County, Michigan, owned, operated and directed P&C's operations.

## COUNT 1
### (18 U.S.C. § 1349 – Conspiracy to Commit Healthcare Fraud)

**D-1 LOUSIA THOMPSON**
**D-2 CHECAROL ROBINSON**

14. Paragraphs 1 through 13 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

15. From in or around January 2006, and continuing through in or around March 2012, the exact dates being unknown to the Grand Jury, in Wayne County, in the Eastern District of Michigan, and elsewhere, the defendants, LOUISA THOMPSON and CHECAROL ROBINSON, did willfully and knowingly combine, conspire, confederate and agree with each other and others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and service.

## Purpose of the Conspiracy

16. It was a purpose of the conspiracy for defendants LOUSIA THOMPSON, CHECAROL ROBINSON, and others to unlawfully enrich themselves by, among other things, (a) submitting false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of the proceeds from the fraud; and (c) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## Manner and Means

The manner and means by which the defendants and their co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

17. LOUISA THOMPSON would incorporate TGW in or around March 2003. TGW would bill Medicare for psychotherapy services from in or around January 2006 through in or around February 2010.

18. LOUISA THOMPSON would incorporate Caldwell Thompson in or around April 1999. Caldwell Thompson would bill Medicare for psychotherapy services from in or around January 2006 through in or around March 2012.

19. A co-conspirator would incorporate P&C in or around May 2010. P&C would bill Medicare for psychotherapy services from in or around May 2010 through in or around March 2012.

20. TGW, Caldwell Thompson and P&C would bill Medicare for psychotherapy services purportedly provided to Medicare beneficiaries who resided in group homes or adult foster care facilities owned and operated by LOUISA THOMPSON and CHECAROL ROBINSON.

21. LOUISA THOMPSON would control the day-to-day operations of TGW and Caldwell Thompson.

22. CHECAROL ROBINSON would control the day-to-day operations of P&C.

23. Psychotherapy services purportedly provided TGW, Caldwell Thompson and P&C would be billed to Medicare. The psychotherapy services billed by TGW, Caldwell Thompson and P&C were medically unnecessary and not provided.

24. LOUISA THOMPSON, a licensed social worker, and other co-conspirators would sign patient charts and progress notes for individual and group psychotherapy sessions purportedly performed at TGW, Caldwell Thompson and P&C that were not medically necessary and were not performed.

25. LOUISA THOMPSON would allow Caldwell Thompson and P&C to use her Medicare provider identification number to bill Medicare and would sign patient charts for psychotherapy services that were not medically unnecessary and not performed. LOUISA THOMPSON would use the provider number of another social worker at TGW.

26. Defendants LOUISA THOMPSON and CHECAROL ROBINSON would cause TGW, Caldwell Thompson and P&C to submit approximately $20 million in claims to Medicare for psychotherapy visits. Medicare would pay approximately $5 million on those claims.

27. The defendants would transfer and disburse, and cause the transfer and disbursement of, monies from the various corporate accounts of TGW, Caldwell Thompson and P&C to themselves and others.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-7
### (18 U.S.C. §§ 1347 and 2 – Health Care Fraud)

**D-1 LOUSIA THOMPSON**
**D-2 CHECAROL ROBINSON**

28. Paragraphs 1 through 13 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

29. On or about the dates enumerated below, in Wayne County, in the Eastern District of Michigan, and elsewhere, LOUSIA THOMPSON and CHECAROL ROBINSON, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody

and control of Medicare, in connection with the delivery of and payment for health care benefits, items and services.

### Purpose of the Scheme and Artifice

30.  It was the purpose of the scheme and artifice for the defendants and their co-conspirators to unlawfully enrich themselves through the submission of false and fraudulent Medicare claims for psychotherapy services that were not medically necessary and were not performed.

### The Scheme and Artifice

31.  Paragraphs 17 through 27 of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

### Acts in Execution of the Scheme and Artifice

32.  On or about the dates specified as to each count below, in Wayne County, in the Eastern District of Michigan, and elsewhere, LOUSIA THOMPSON and CHECAROL ROBINSON, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said health care benefit program.

| Count | Defendant | Medicare Beneficiary | On or about Claim Date | Description of Item Billed | Approximate Amount Billed to Medicare |
|---|---|---|---|---|---|
| 2 | D-1 Louisa Thompson<br><br>D-2 Checarol Robinson | M.M. | 3/21/11 | 90806 (45-50 Min Individual psychotherapy session)<br><br>90853 (Group psychotherapy session) | $200 |
| 3 | D-1 Louisa Thompson<br><br>D-2 Checarol Robinson | C.D. | 12/28/11 | 90806 (45-50 Min Individual psychotherapy session)<br><br>90853 (Group psychotherapy session) | $200 |
| 4 | D-1 Louisa Thompson<br><br>D-2 Checarol Robinson | G.B. | 3/21/11 | 90806 (45-50 Min Individual psychotherapy session)<br><br>90853 (Group psychotherapy session) | $200 |
| 5 | D-1 Louisa Thompson | M.M. | 3/9/11 | 90806 (45-50 Min Individual psychotherapy session)<br><br>90853 (Group psychotherapy session) | $200 |
| 6 | D-1 Louisa Thompson | C.D. | 3/16/11 | 90806 (45-50 Min Individual psychotherapy session)<br><br>90853 (Group psychotherapy session) | $200 |
| 7 | D-1 Louisa Thompson | G.B. | 3/16/11 | 90806 (45-50 Min Individual psychotherapy session)<br><br>90853 (Group psychotherapy session) | $200 |

In violation of Title 18, United States Code, Sections 1347 and 2.

## CRIMINAL FORFEITURE
## (18 U.S.C. § 982)

### D-1 LOUSIA THOMPSON
### D-2 CHECAROL ROBINSON

33. The allegations contained in this Indictment above are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Sections 981 and 982, and Title 28, United States Code, Section 2461.

34. As a result of the violation of Title 18, United States Code, Section 1349, as set forth in this Indictment, defendants LOUISA THOMPSON and CHECAROL ROBINSON, shall forfeit to the United States any property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, pursuant to 18 U.S.C.§ 981(a)(1)(C) and 28 U.S.C.§2461.

35. As a result of the violations of Title 18, United States Code, Sections 1347, 2 and 371, as set forth in this Indictment, defendants LOUISA THOMPSON and CHECAROL ROBINSON, shall forfeit to the United States any property, real or personal, that constitutes or is derived from, gross proceeds traceable to the commission of such violations, pursuant to 18 U.S.C.§982(a)(7).

36. <u>Substitute Assets</u>: If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a) Cannot be located upon the exercise of due diligence;

    b) Has been transferred or sold to, or deposited with, a third party;

    c) Has been placed beyond the jurisdiction of the Court;

    d) Has been substantially diminished in value; or

    e) Has been commingled with other property that cannot be subdivided without difficulty;

9

it is the intent of the United States, pursuant to 21 U.S.C.§853(p) as incorporated by 18 U.S.C.§ 982(b) and/or 28 U.S.C.§2461, to seek to forfeit any other property of defendants LOUISA THOMPSON and CHECAROL ROBINSON up to the value of the forfeitable property described above.

37.  **Money Judgment**: A sum of money equal to at least $5 million in United States currency, or such amount as is proved at trial in this matter, representing the total amount of proceeds obtained as a result of defendant's violations of 18 U.S.C. § 1349, 1347 and 371 as alleged in this Indictment.

THIS IS A TRUE BILL.

s/GRAND JURY FOREPERSON
Grand Jury Foreperson

BARBARA L. MCQUADE
UNITED STATES ATTORNEY

s/WAYNE F. PRATT                           Dated: April 25, 2012
WAYNE F. PRATT
Chief, Health Care Fraud Unit
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-2548
Wayne.Pratt@usdoj.gov


s/GEJAA T. GOBENA
GEJAA T. GOBENA
Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Third Floor
Washington, D.C. 20005
(202) 305-1310
(313) 226-0831
Gejaa.Gobena@usdoj.gov

**ORIGINAL**

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number |
|---|---|---|
| | | Case: 2:12-cr-20267<br>Judge: Edmunds, Nancy G.<br>MJ: Majzoub, Mona K.<br>Filed: 04-25-2012 At 04:46 PM<br>INDI USA V SEALED MATTER (EB) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to comp

**Reassignment/Recusal Information** This matter was o

| Companion Case Information | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes  ☒ No | AUSA's Initials: GTG /CKP for GTG |

**Case Title:** USA v. D-1 LOUISA THOMPSON
D-2 CHECAROL ROBINSON

**County where offense occurred:** WAYNE COUNTY, MICHIGAN

**Check One:** ☒ Felony  ☐ Misdemeanor  ☐ Petty

__X__ Indictment/____ Information --- **no** prior complaint.
____ Indictment/____ Information --- based upon prior complaint [Case number: ]
____ Indictment/____ Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below].*

**Superseding Case Information**

**Superseding to Case No:** _____  **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

April 25, 2012
Date

*Gejaa T. Gobena /CKP/*
GEJAA T. GOBENA
Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Third Floor
Washington D.C. 20005
Phone DC: (202) 305-1310
Phone MI: (313) 226-0831
Email address: Gejaa.Gobena@usdoj.gov

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

10/13/09